No. 6703.

CRESCENT CITY LIVE STOCK AND SLAUGHTER-HOUSE COMPANY ·VS. JOHN LARRIEUX.

Where a corporation entitled to certain exclusive privileges enjoins a defendant from further violating those privileges, alleging that defendant had already damaged them, by violating said privilege, to the extent of $200, and making affidavit that the amount in dispute, and the right claimed by them was over $500 exclusive of interest and cost, this court will have jurisdiction of an appeal taken in such a case.

A corporation which is entitled by its charter to sue for fines and penalties for violations of its privileges, is likewise entitled to sue out writs of injunction to prevent and restrain from the violations of those privileges.

APPEAL from the Third District Court, parish of Orleans.  *Monroe,* J.

*Robert Mott* for plaintiffs and appellants.

*E. K. Washington* for defendant and appellee.

The opinion of the court on the original hearing was delivered by EGAN, J., and on the rehearing by SPENCER, J.

EGAN, J.  This suit is by the plaintiff corporation against the defendant, a private market man, to recover two hundred dollars "damages," and to enjoin further interference with, or violation of, the alleged exclusive franchises of plaintiff.

There is no allegation of value beyond the damages prayed for, and the amount alleged and prayed for being fixed in the petition at two hundred dollars, this court is without jurisdiction, *ratione materiæ*, to entertain the appeal. There is no affidavit or other proof of value beyond in the record, and it is very questionable whether any affidavit could affect the value fixed by the allegations and prayer of the petition.

It is therefore ordered that this appeal be and it is hereby dismissed at the cost of appellant.

ON REHEARING.

SPENCER, J.  Plaintiff sets forth its existence as a corporation, and avers that it is, by its charter (made part of the petition) invested with the exclusive privilege of having all animals destined for human food in the parishes of Orleans, Jefferson, and St. Bernard landed at its wharves, yarded on its premises, and slaughtered in its houses. That it has provided the wharves, yards, houses, etc., necessary, and as required by its charter.  That it has, since December 21, 1876, in conformity to a

decree of this court, reopened its slaughter-houses, yards, etc., on the west side of the Mississippi river, and given due notice thereof. That the defendant, a butcher, has, in violation of the exclusive privileges of said company, and of the sanitary regulations of the city of New Orleans, since December, 1876, been engaged in slaughtering beeves for food, within said limits, at a place other than plaintiff's slaughter houses. "That said violations of petitioner's said charter have made defendant liable to them *in damages in an amount in* excess of two hundred dollars. That these violations, if allowed to continue, will irreparably injure plaintiff, and, in order to prevent such results, an injunction is necessary to restrain defendant from further violations of petitioner's said rights," etc. "Whereupon petitioner prays that said John Larrieux    *    *    *    be condemned to pay petitioner the sum of $200, with interest, etc.;    *    *    *    that an injunction issue enjoining and restraining the said Larrieux from landing, slaughtering, etc., beeves, cattle, etc., at any other houses, yards, etc., than those of petitioner," etc.

On hearing this application on a rule *nisi*, the court refused the injunction, and plaintiff appeals.

There are two questions presented: 1. Has the court jurisdiction? 2. If so, is plaintiff, on the face of his petition, entitled to an injunction?

1. Plaintiff, on filing his petition for appeal, supplemented it by affidavit "that the amount in dispute and the right claimed by said company in this suit is over $500, exclusive of interest, costs," etc.

The substance of its allegation is, first, that defendant has already, by past acts, damaged it in the sum of $200; and, second, that if permitted to continue, it will irreparably injure plaintiff in the enjoyment of its exclusive rights, privileges, and emoluments, under its charter. It is made to appear, by affidavit, that these rights and privileges thus alleged to have been invaded, and which will continue to be so invaded, are of a value exceeding $500, etc. We think that under the allegations of the petition, the terms of the charter, and the affidavit, the matter in dispute is shown to be within the jurisdiction of this court.

2. Taking plaintiff's allegations as true, has it disclosed a *prima facie* right to an injunction? We have held that if the plaintiff, in due form, discloses a right to the writ in his pleadings, it must be granted as a matter of right, preliminarily, and that, upon the trial of a rule *nisi* in such case the court can not go into the merits, or consider other matter than the face of the pleadings.

It seems not to be disputed that if plaintiff were a natural person, instead of a corporation, it would be entitled under its allegations to the writ of injunction. But it is said " a corporation can act only in the mode prescribed by its charter." That " a corporation has only such

powers as are specifically granted, or such as are necessary in carrying the former into effect, and these powers can only be exercised for the purpose contemplated by its charter." Brightly's Digest, vol. 1, p. 182. That inasmuch as the charter of plaintiff gives it the right to sue for "fines and penalties," for violations of its privileges, therefore it can not protect itself by injunction against these violations.

We can not subscribe to these views. The law declares that: "Corporations legally established are substituted for persons. Hence, it follows that they may possess an estate, * * are capable of receiving legacies and donations, * * may make valid contracts, obligate others and obligate themselves toward others, exercise the rights which belong to them, manage their own affairs, appear in courts of justice," etc. C. C. 433.

If the law gives corporations the power to exercise the rights belonging to them—to appear in courts of justice for the enforcement and protection of such rights—it must certainly intend to grant the means usual, necessary, and proper for such enforcement and protection. The doctrine of our law is, and, so far as we know, without an exception, that a party whose rights are invaded may invoke the aid of the courts to prevent any act which, if done, would entitle him to damages. See 5 N. S. 501 ; 7 A. 498 ; 7 R. 442 ; 2 A. 773 ; 14 A. 283.

There is no reason in law or equity for denying to a corporation the same remedies for the violation and invasion of their rights that are accorded to others. Article 296 C. P. says: "Injunction is a mandate obtained from a court, *by a plaintiff*, prohibiting one from doing an act which, he contends, may be injurious to him, or impair a right which he claims." That is just exactly what this plaintiff seeks to obtain. There is nothing in our law from which it can be inferred that this right is denied to corporations. It would seem to us that the fact of the law giving direct actions to recover penalties for violation of plaintiff's privileges can not be taken as evidence of the legislative will to deny it the right of preventing such violations, but rather an additional means of protection.

It is therefore ordered and decreed that the decree heretofore rendered by this court, dismissing the appeal in this case, be set aside; and it is now ordered and decreed that the judgment appealed from be reversed, and that the preliminary injunction prayed for by plaintiff be granted, upon its furnishing bond and security in the amount, to be fixed by the court *a qua;* and it is further ordered that this case be remanded to be proceeded with according to law. Appellee paying costs of appeal.