LAND, J.
This is a suit to abate an alleged1 nuisance by injunction and to recover •damages. The plaintiff alleges, in substance, that the operation of the defendant’s ice plant, by day and by night, produces noises and vibrations, which are a continual source of annoyance and distress to petitioner and his family, residing on the adjoining premises, and which deprive them of necessary rest and sleep at night. The petition charges that the operation of said plant constitutes a continuous nuisance, which has damaged the petitioner in the sum of $5,000.
For answer the defendant denied all the allegations of the petition, except as specially admitted, and averred that they had constructed and were operating their plant under a permit from the municipal authorities of the city of New Orleans, and had invested more than $125,000 in the enterprise, and that the plaintiff, residing on the adjoining premises, did not oppose the granting of said permit by the city council, and never objected to the construction and operation of defendant’s ice plant prior to the institution of the present suit. The respondent, further answering, specially denied that the operation of said plant was accompanied by loud, constant, unusual, and disagreeable noises and vibrations, and specially denied that their business therein conducted was a nuisance, either public or private.
After hearing a large number of witnesses on each side, and the argument of counsel, the judge a quo rendered judgment in favor of the defendant. Plaintiff has appealed.
The issues are purely of fact, and after carefully reading and considering all the evidence adduced, pro and con, we are not prepared to say that the judge below erred in his conclusions.
The location and operation of factories and other works likely to disturb neighbors by reason of smoke, smells, etc., must be determined by the rules of the police or the customs of the place. Oiv. Code, art. 669. The evidence shows that the defendant constructed and is operating its plant under a permit from the municipal authorities. The plaintiff made no opposition to the granting of this permit. It is not charged that the defendant has violated any of the requirements of city ordinances relative to factories. The permit to operate a manufacturing plant at a particular place carries with it the privilege of using all machinery necessary for the particular work. The owner of such a plant must take all proper precautions to prevent noise, smoke, etc., from becoming a nuisance to the neighbors, and to that end must comply with the requirements of all the police-regulations on the subject-matter.
*252 This being done, unavoidable noise, smoke, etc., must be considered as an inconvenience to which the neighbors must submit for the public good. Of course, a city ordinance or permit cannot validate a nuisance. Blanc v. Murray, 36 La. Ann. 162. The noise of a factory is not a nuisance per se. City of New Orleans v. Lagasse, 114 La. 1055, 38 South. 828.
In the Froelicher Cases, 111 La. 709, 35 South. 821, 64 L. R. A. 228, and 118 La. 1077, 43 South. 882, there was no permit from the municipal authorities, and the defendant was operating boiler and sheet iron works, thereby causing intolerable noises and also injurious vibrations.
The evidence shows beyond dispute that the machinery of defendant’s plant operates with little or no noise and causes no vibration. There is no steam exhaust. The only noise of any consequence results from the handling of large ice cans, and this noise seems to be practically unavoidable. The witnesses differ widely as to its intensity.
The plaintiff did not take the stand' in his own behalf, but was content to file his ex parte affidavit for the injunction. We think the evidence preponderates in favor of the defendant, whose witnesses testified from inside knowledge of the working of the plant and of the noises thereby produced. Many of the noises testified to by plaintiff’s witnesses were either imaginary or did not emanate from the ice plant.
Judgment affirmed.