Mrs. Nicholas G. Carbajal, the relator herein, addressed a petition, praying for a writ of injunction, to the civil district court for the parish of Orleans, in which she makes the following allegations, to wit:
That she is a taxpayer and resident of the parish of Orleans; that she has an undivided interest in real property, adjacent to the tract of land in this city, known as the Gentilly terrace tract; that the greater part of the land facing Gentilly terrace, and in the vicinity thereof (the said Gentilly terrace being a main thoroughfare), is known and maintained as strictly residential property; that most of the land in that vicinity has been sold subject to restrictions prohibiting the erection, operation, or maintenance of any business whatever thereon; that the said restrictions have been rigorously enforced, and the said area is now a strictly residential district, and is maintained and *Page 786 
considered as such; that the commission council of the city of New Orleans has passed an ordinance prohibiting the establishment or operation of any business or manufactory, or the erection or remodeling of any building therefor, within the area described as bounded by Florida avenue, by a line 150 feet north of Gentilly road, by the eastern property line of the property known as Kolb's farm, and in any square bounded on any of its sides by Gentilly road, between Florida avenue and the eastern boundary line of Kolb's farm; that the Vivien Ice Company, the defendant herein, is attempting to erect an ice manufacturing plant at the corner of Peoples avenue and Gentilly road, within said area, adjacent to or in close proximity to relator's property; that the erection of said icehouse or manufactory will create a nuisance in the neighborhood; that said plant will be operated continuously, night and day, thereby seriously interfering with the quiet and peace of the neighborhood; that vehicles calling at said plant for ice in the early hours of the morning will be an added source of annoyance to the neighborhood and particularly to relator; that the safety of the neighborhood will be also seriously endangered, if the said icehouse or manufactory is allowed to operate its plant as contemplated; and that, if said manufactory be erected, operated, or maintained, relator will suffer irreparable injury and damage in an amount far in excess of $25,000. The prayer of the petition is that a rule nisi issue, directed to the Vivien Ice Company, ordering it to show cause why a writ of injunction should not issue, prohibiting it from erecting, operating, or maintaining said factory at the corner of Peoples avenue and Gentilly road, and, after hearing had, that said injunction issue, and, in due course, that it be perpetuated.
The trial judge ordered the rule nisi to issue, and granted a temporary restraining order, restraining defendant from constructing *Page 787 
said plant until a hearing could be had on the rule.
Defendant appeared and excepted to plaintiff's petition on the ground that it is vague, general, and indefinite in its terms, and does not disclose that she has a sufficient interest to justify the issuance or maintenance of a writ of injunction, and also upon the ground that the petition does not disclose a cause or right of action, and defendant further excepted to the petition upon the ground that, to enforce the ordinance, alleged by plaintiff to have been passed by the commission council of the city of New Orleans, would violate its constitutional rights, for the reason that, prior to the adoption of said ordinance, the city granted it a permit to build, and that it had completed the building for which the permit was granted, when said ordinance was adopted and therefore that, if said ordinance is applicable to it, the ordinance is a retrospective law, and for that reason is violative of the Constitutions of this state and of the United States.
The trial judge refused to issue the writ of injunction, because he considered that plaintiff had no right to champion the public interest, and because, in his opinion, on the face of the papers, no such injury to the property rights of plaintiff was disclosed as would justify the issuance of the writ. The effect of this ruling was to sustain the exception of no cause of action.
The exception, relative to the constitutionality of the ordinance, passed by the commission council, and of its enforcement against defendant, does not appear to have been tried, and passed upon. There is nothing in plaintiff's petition that would justify the sustaining of the exception as to the constitutionality of the ordinance. The ordinance does not appear to be retrospective on its face. The exception as to the constitutionality, as we have seen, seems to be based primarily upon the fact, averred by defendant, *Page 788 
that it obtained a permit from the city to erect the building for an ice factory, and did erect the building, prior to the adoption of the ordinance, and hence that to enforce the ordinance against it would violate its constitutional rights by giving the ordinance, in its operation, a retrospective effect. As plaintiff's petition does not justify the conclusion that the city granted defendant a permit to erect the building, or even that the building has been erected, but justifies conclusions rather to the contrary, we think that defendant should have offered evidence to substantiate the averments of its exceptions. However, because defendant did not offer the required evidence, we need not for that reason overrule the exception. The exception has not been tried or passed upon. It may be that defendant will be able to show that the ordinance cannot or does not affect it. Under the circumstances, we think that the proper course to pursue is to reserve to defendant the right to press this exception in the court below, and, in order to facilitate the trial, to dispose of the remaining exceptions.
The first of the remaining exceptions to be considered is the one of vagueness. Defendant nowhere points out in what respect the petition is vague. In our view, while the petition might be more specific, yet it is sufficiently so not to make it amenable to the objection of vagueness.
The next exception to be considered is that of no cause or right of action. Under it may be considered, to which it properly belongs, the exception that the petition for the injunction fails to disclose sufficient interest in plaintiff to justify the issuance of the writ. It is urged in this connection that a citizen and taxpayer, as such, has no standing to champion the rights of the public in abating a public nuisance. This is true. Blanc v. Murray, 36 La. Ann. 162, 51 Am. Rep. 7; 29 Cyc. 1208. But it is also true that a citizen and taxpayer — and such a *Page 789 
person is nothing more than a private individual — may sue to abate a nuisance, although it be a public one, provided that, if the nuisance is not abated, he will suffer a special damage therefrom different from that which is common to all. In such instance the nuisance is both a public and private one, and it is its private character that gives the cause of action to the individual. Blanc v. Murray, supra; 29 Cyc. 1208.
But defendant contends that plaintiff does not allege any special damage or injury to her that will result, if the factory be erected and operated, different from that, if any, which will be common to the general public. While she does not allege such damage or injury in so many words, yet the allegations of fact contained in her petition lead clearly to the conclusion that she will. The close proximity of her property to the contemplated ice factory shows that its enjoyment for residential purposes, for which purposes it has been set apart, will be affected differently from property in the community otherwise situated. We think that the allegations of her petition show a sufficient interest in the plaintiff to apply for the relief sought, provided that her cause of action is sufficient in other respects.
Defendant also urges that an ice factory is not a nuisance per se, and therefore contends that an injunction should not issue to restrain the erection and operation of one. It is true that an ice factory is not a nuisance per se. Le Blanc v. Orleans Ice Mfg. Co., 121 La. 249, 46 So. 226, 47 L.R.A. (N.S.) 287. But, in the case cited, it is said that:
 "The location and operation of factories and other works likely to disturb neighbors by reason of smoke, smells, etc., must be determined by the rules of the police or the customs of the place" — citing Civil Code, art. 669.
And in State ex rel. Hayes v. City of New Orleans, 154 La. 289, 97 So. 446, which case *Page 790 
arose out of the contemplated erection of an ice plant, it was said that:
 "Granting that a business is not a nuisance per se, yet it is clearly within the police power of the state to regulate it, and to that end to declare that, in particular circumstances and in particular localities, a necessary and lawful occupation, though not a nuisance in itself, shall be deemed a nuisance in law and in fact. The only limitation upon this power is that it cannot be exerted arbitrarily or with unjust discrimination."
From the allegations of plaintiff's petition, which, under the exception of no cause of action, must be taken as true, it appears that the city has passed an ordinance prohibiting the erection and operation of any manufactory within the area in which defendant is attempting to erect its manufactory. Hence, if defendant erects the manufactory there, it will be using its property for an unlawful purpose. As plaintiff (if the allegations of her petition be true, and they must be so taken) will suffer special damage if the factory be erected and operated, where it is proposed to erect and operate it, we think that the exceptions of no cause of action and of lack of interest should be overruled.
Plaintiff has asked that a writ of mandamus issue to compel the district judge to grant the writ of injunction prayed for. It may be that defendant will be able to show, as alleged by it, in its exception as to the constitutionality of the enforcement of said ordinance against it, that it obtained a permit from the city to erect, and completed the erection of, said building for a factory, prior to the adoption of said ordinance, which showing may call for a refusal to issue the injunction. Hence we feel justified in going no farther than to set aside the judgment rendered, and to overrule the exceptions of vagueness, lack of interest, and of no cause or right of action, leaving it to the district judge to dispose of the exception as to the constitutionality of the enforcement of said ordinance against defendant. *Page 791 
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment under review be set aside, and it is now ordered that said exceptions of vagueness, lack of interest, and of no cause or right of action be overruled, that said rule nisi and restraining order be reinstated, and it is further ordered that this case be remanded to the lower court to dispose of said exception, relative to the constitutionality of the enforcement of said ordinance, under said rule nisi, within a time to be fixed by said court, and to further proceed with said case according to law; defendant to pay the costs of this writ.