YARRUT, Judge.
This is a devolutive appeal taken by the Plaintiff, a property owner, from a Summary Judgment rendered January 7, 1966, on the face of the pleadings and documents filed, in favor of the Defendants, City of New Orleans and David Dixon. The other Defendants are not involved in this appeal.
This action was brought by Plaintiff to annul Ordinance No. 3095 passed by the New Orleans City Council on June 3, 1965, rezoning Square 667, bounded by Pontchartrain Boulevard, Last, Plamilton, Quince and Hollygrove Streets, in the Seventh Municipal District, to “D-Multiple Family District” from its former classification of “B-Two Family District.” Plaintiff also seeks an injunction prohibiting the City council, and any of its officers- or subordinates, from issuing any permits, licenses, or permission to any person or persons for the purpose of acting under the provisions of said Ordinance No. 3095.
Defendant Dixon is the owner of Lots 3-A, 1-B, 2-B, 5, 6, 7, 8, 9, 10, 11, and the rear portion of Lots 14 and 15 in Square 667, comprising all of the frontage on Pontchartrain Boulevard, between Hol-lygrove Street and Last Street. At the time of his acquisition of such property, it was zoned as “B-Two Family Residential”' by the Comprehensive Zoning Ordinance 18, 565 C.C.S.
On September 21, 1961, the City Council1 enacted Ordinance No. 2285 which rezoned all of Square 668, immediately adjacent to-the property owned by Dixon in Square 667, in the “E-Commercial Zoning District.” It was after this change that a 13-family apartment building was constructed on Square 668.
On December 24, 1964, the City Council enacted Ordinance No. 2990 changing part of Squares 663, 664 and 667, including Lots 7, 8, 9, 10, and 11 in Square 667, owned by Dixon, from “B-Two Family Residential District” to “D-Multiple Family District.”
As a result of the foregoing zoning changes, approximately half of Dixon’s property was zoned “D-Multiple Family District” and the remaining half zoned as “B-Two Family District, so that all of the property fronting on Pontchartrain Boulevard, between General Odgen Street and Last Street, was either used or zoned for use as “D-Multiple Family District,” except Lots 3-A, 1-B, 2-B, 5, 6 and the rear portions of Lots 14 and 15 owned by Dixon.. Dixon then petitioned and was granted a zoning change to “D-Multiple Family District,” for the remainder of his property in Square 667, by City Council Ordinance No. 3095, on June 3, 1965.
As will be readily seen from an examination of the allegations contained *185 in the Plaintiff’s petition, the statements contained in the affidavit of Dixon, and the action of the City Council, as manifested by enactment of the above-mentioned zoning ordinances, there is no dispute whatsoever as to any of the material and pertinent facts of this case.
Plaintiff has not questioned the legality, validity or constitutionality of Ordinance No. 3095, or Ordinance No. 2990, which are the ordinances effecting the property of Dixon, who is the only owner of property rezoned by said ordinances whom Plaintiff has named as Defendant in this suit. The allegations in the petition are obviously aimed at a consistent course of legislative enactments by the City Council which changed the zoning classification of Squares 663, 664, 667 and 668 from “B-Two Family District” or “D-Multiple Family District.” Plaintiff is now questioning legislative enactments, which have followed a uniform pattern, after having been instituted by the City Council in September, 1961, by the passage of Ordinance No. 2285, notwithstanding he admits they are within the legislative prerogatives of the City Council.
There is no allegation that the action of the City Council violated either the zoning enabling statute, or that such ordinance is invalid; nor prayer that the said ordinance be declared invalid, illegal, or otherwise unconstitutional. Accordingly, a question of law alone was presented to the District Court, hence the motion for summary judgment was proper procedure.
Plaintiff was granted a suspensive and devolutive appeal, the return day fixed as March 6, 1966. Plaintiff failed to file the required appeal bond within ninety days as required by LSA-C.C.P. art. 2087. The return day was not extended, and Plaintiff failed to pay the costs required by LSA-C.C.P. art. 2126 and LSA-R.S. 13:4445 within three days prior to the return day, which constituted an abandonment of his appeal. Murry v. Southern Pulpwood Insurance Co., La.App., 133 So.2d 827; Jackson v. Dupont, Inc., La.App., 140 So.2d 463; Robertson v. Nowalsky, La.App., 169 So.2d 227.
After the lodging of the appeal here Defendants moved for the dismissal of the appeal for failure of Plaintiff to file the appeal bond fixed by the Court with reference to the judgment in favor of the City. The bond with reference to the judgment in favor of Dixon was timely filed, but if Plaintiff’s appeal is dismissed with reference to the judgment in favor of the City, the case becomes moot, as the zoning ordinance, as amended, would then stand as enacted by the City Council.
It is well settled that zoning ordinances will not be declared unreasonable and arbitrary, unless they are found to be plainly and palpably so. State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613; State ex rel. Prats v. City Planning & Zoning Commission of City of New Orleans, et al., La.App., 59 So.2d 832.
In Sears, Roebuck & Co. v. City of Alexandria, La.App., 155 So.2d 776, the Court, at page 780, stated:
“Another pertinent general principle of law is that zoning ordinances, adopted in accordance with the procedure set up in the enabling statute, are presumed to have been adopted by the municipal authorities for valid purposes and their discretion will not be interfered with by the courts, unless it is clearly shown that the ordinance is arbitrary, unreasonable and in violation of the enabling statute. Archer v. City of Shreveport, 85 So.2d 337 (2d Cir.App.1956); State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; 58 Am.Jur. 949 Verbo Zoning, Section 16. The burden is always upon the one assailing the zoning ordinance to overcome this presump *186 tion of validity. The court will uphold the ordinance unless it is clearly shown to be incompatible with the enabling legislative act or the constitution. Doubtful cases are decided in favor of the validity of the zoning law.”
Although a court may inquire into the conduct of a zoning board in rendering a decision which is contrary to law or unauthorized by law, the court should not interfere unless such decision is illegal, arbitrary or unreasonable as a matter of law. Reeves v. North Shreve Baptist Church, La.App., 163 So.2d 458.
Where the constitutionality of a statute or ordinance of a municipality depends upon the existence of facts, the courts are cautious about reaching a conclusion contrary to that reached by the legislature or municipal council. Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440; Archer v. City of Shreveport, La.App., 85 So.2d 337.
The pleadings, affidavits and exhibits on file in the record, clearly show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.
In view of the fact that the Plaintiff failed to perfect his appeal by filing his bond on time, his appeal must be dismissed. This dismissal will automatically terminate the litigation because the issue, as to Defendant Dixon who is not complaining about the ordinance, and who himself has taken no appeal nor answered the appeal, will have become moot.
However, pretermitting the question of the dismissal of Plaintiff’s appeal, since the entire record shows that the judgment of the District Court on the Motion for Summary Judgment is correct, the judgment of the District Court is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.