PONDER, Justice.
 

 The City of New Orleans brought suit against Leeco, Inc. and T. A. Pittman seeking to enjoin the defendants from operating a theater, known as Pitt Theater, in a building alleged to have been erected in violation of the zoning ordinances of the City and particularly Ordinance 11302 C.C.S., as amended, until all the requirements of the City Division of Regulatory Inspections have been complied with and a permit duly issued. The City asked for and was granted a temporary restraining order. By amended and supplemental pe
 
 *555
 
 tition, the City asked for injunction prohibiting the use of the building until all requirements of the Division of Regulatory Inspections and all requirements of Ordinances Nos. 11302 and 11125 C.C.S., both as amended have been complied with and a permit duly issued. Pittman Theaters, Inc. was made party to the suit at the instance of the City because the name L.eeco, Inc. had been changed to Pittman Theaters, Inc. The principal defense to the suit is that the building is in a safe condition and that a comprehensive plan known as the Bartholomew Plan is being proposed by the City to revise and amend Zoning Ordinance No. 11302 C.C.S. which contemplates the extension of Commercial “E” area so as to include the portion of Residential “A” upon which the rear of the building is located. Shirley G. Wimberly and Frank Herenski, residents and property owners of the vicinity, intervened and asked that injunction issue because the building was erected in violation of the zoning laws of the City after the defendants’ application to reclassify the property had been- refused and in violation of a permit .granted them to erect a building on the portion of the square classified as Commercial “E”. When the matter came up for a hearing as to whether a preliminary injunction should issue, the temporary restraining order was set aside and the case was continued in order to afford the defendants opportunity to have a hearing before the Zoning Board of Appeal and Adjustment. The hearing regarding the issuance of a preliminary injunction was later taken up and the lower court gave judgment denying the injunction. The intervenors have invoked our supervisory jurisdiction.
 

 The defendant corporation applied,, through .its president, Pittman, to the City-Planning and Zoning Commission, prior to the erection of the building in controversy, to have the portion of the square-on which the rear of this building is now-located changed from Residential “A” to-Commercial “E”. The application was denied on July 23, 1948, after hearing, which was approved by the Commission Council. It appears from the minutes of the City Planning and Zoning Commission, of date-September 24, 1948, that the defendants,, having been refused a permit to erect a building on the “E” Commercial portion, of the square because the required front, and rear yard areas had not been provided, were granted a variation permitting-a front yard of 10 ft. in lieu of 20 ft. and a rear yard of 12 ft. in .lieu of 24-ft. After these variations were granted a net buildable depth of 98 ft. was left in the “E” Commercial area. The defendants applied for and were granted' a permit to erect a building and submitted plans and specifications for a building to-be erected on this “E” Commercial area. The defendants, in total disregard of the permit, erected a building extending beyond the “E” Commercial area to approximately 60 ft. on “A” Residential area.
 
 *557
 
 'The defendants also used portions of “‘A” Residential area in violation of the zoning ordinances of the City. After this suit was instituted the defendants applied to the Division of Regulatory Inspections for a permit to cover this building that they had erected in violation of the zoning law. The permit was refused on March 26, 1951. The defendants then applied to the Zoning Board of Appeal and .Adjustment asking for a variation of the requirements of the Comprehensive Zoning Ordinance that would permit the theater building to occupy the portion of ■“A” Residential area and to permit reductions of the required rear yard area. After a hearing, the board, recognizing in its resolution that it had no jurisdiction to reclassify the property, granted the defendants permission to maintain the portion of the building located on the residential zoned property and a reduction of the rear yard areas until such time as the pending Bartholomew Plan to revise and amend the zoning law be promulgated. In this resolution it is provided, should the property not be reclassified, that the defendants would be required to comply strictly with the revised zoning plan by altering or cutting the building in such a manner as to be located only on “E” Commercial area, etc.
 

 Mr. McConnell, Director of Regulatory Inspections, testified that the building was erected in violation of the permit issued .by his department and that the plans and drawings of the building, as erected, were not presented to him until after this suit was filed. In fact, he testified that these plans were not presented to him until the week prior to his testifying at the hearing for preliminary injunction.
 

 The relators contend that the Zoning Board does not have authority to reclassify property. They tak^the position that the action of this board amounts to a reclassification of the property. We have examined the zoning law and the methods by which a reclassification can be made and find that the Zoning Board does not have authority to reclassify the property. We have examined Section 7 of Act No. 240 of 1926, LSA-RS 33:4727, and Ordinance 13649 C.C.S., which authorizes the Zoning Board to make adjustments where there are difficulties and unnecessary hardships in carrying out the strict letter of the zoning ordinance by varying or modifying the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public welfare and safety secured, and substantial justice done. From a mere reading of the provisions as outlined, it is apparent that the Zoning Board has no authority to disregard the classification of areas fixed by the zoning ordinance,, and cannot under the guise of variations waive or suspend same. The regulatory
 
 *559
 
 provisions merely authorize the Zoning Board to regulate the construction of buildings, etc. in compliance with the area classification. If it were otherwise, the Zoning Board could abrogate or nullify the zoning law. The fact that the Bartholomew Plan may be perfected in the future and may reclassify the area involved in this suit is without pertinence and cannot be given effect in disposing of the issues presented. State ex rel. Romero v. Viator, Mayor, 217 La. 239, 46 So.2d 256, and authorities cited therein.
 

 The respondents contend that the intervenors offered no proof to support their allegations that they are residents and property owners and that they cannot therefore stand in judgment at this time. The petition of the intervenors is verified and, in the absence of any showing to the contrary, we must accept the allegations, the truth of which is verified by affidavit.
 

 Respondents contend that the intervention was filed too late to be considered on the hearing of the preliminary injunction. They cite Article 321 of the Code of Practice and a decision of this Court to the effect that an intervenor cannot retard the trial of a case because he has recourse to a separate action for the vindication of his rights. We realize that an intervenor cannot retard the trial of the principal suit and that he must be ready to plead and exhibit his testimony. However, the intervenors in this case have not sought to retard the trial of the case and rely on the evidence adduced by the City and the defendants.
 

 The respondents contend that the intervenors must take the suit as they find it and nothing remains in the suit because the demands of the plaintiff have been fulfilled. Whether or not the demands of the' City have been fulfilled is a matter for judicial determination. While it is true that one of the City’s counsel indicated that he was of the opinion that the ruling of the Zoning Board was sufficient and that a permit would be granted in pursuance thereof, yet counsel submitted the matter to the court for a decision and the court gave judgment. Counsel for the City has filed a motion in this Court to submit this matter on the record, as made up. If the City had wished to dismiss the suit it could have done so by paying up the costs as required by the Code of Practice, but since it elected to submit the case for judicial determination and elected to submit the matter to us on the record, as made up, it is apparent that the City wants the matter judicially determined. However, after judgment had been rendered in the lower court, the intervenors had an interest to pursue and they have an interest independent of the City to abate by injunction any business establishment conducted in violation of a zoning ordinance. City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A.L.R. 1136 and State ex rel. Dema
 
 *561
 
 Realty Co. v. McDonald, 168 La. 172, 121 So. 613.
 

 The respondents contend that the order of the Zoning Board cannot be collaterally attacked. The order on its face shows that the Zoning Board recognizes that it does not have authority to reclassify the property and their order is an attempt to temporarily reclassify the property or disregard the zoning law.
 

 The respondents contend that the invalidity of the order was not passed on by the lower court and that this question cannot now be considered. The respondents are relying,, as a defense to their suit, principally on the order of the Zoning Board. We .have no replication in this state and it was not necessary for the intervenors to specially plead the invalidity of the order. It appears to us that if it were not for the order the defendants would not have had even a color of defense. The intervenors objected to the introduction of the order on the ground that the Zoning Board’s action was ultra vires and that they had no authority to execute the order. The issue was presented to the lower court and the lower court in arriving at the decision must have taken into consideration the validity of the order.
 

 The respondents contend that the building may be used as a church. Since no one having authority to represent a church has been made party to the suit, this issue is not before us.
 

 The respondents contend that the granting or refusing of a preliminary injunction is a matter addressed to the sound discretion of the trial' judge and that his judgment should not be disturbed in the absence of a showing of a clear abuse of such discretion. They take the position that no abuse of discretion is shown. In support of their contention, the case of Noe v. Maestri, 193 La. 382, 190 So. 588 and two prior decisions of this Court are cited. We find no fault with this rule, of law but where there has been established a violation of a zoning ordinance, the legality' of which has not been attacked, the granting or refusing an injunction is no longer discretionary with the trial judge. The record shows that the ordinances were knowingly violated. The defense must rest on the resolution of the Zoning Board. This resolution was obtained after suit was filed. The resolution, when considered with the zoning ordinances and the section of the ordinance defining the powers of the Zoning Board, is invalid on its face. The Zoning Board has no authority to disregard these ordinances or to waive or suspend the effect of them.
 

 For the reasons assigned, the writs granted herein are made peremptory, the judgment of the district court setting aside the temporary restraining order and the judgment of the district court denying the preliminary injunction are both set aside and annulled, the restraining order heretofore issued is reinstated, and the case is
 
 *563
 
 remanded for further proceedings according to law and consistent with the views herein expressed. The costs of the proceedings in this Court are to be paid by the respondents and all other costs shall await the final determination of the cause on the merits.