62 So.2d 846 (1953)
RABALAIS et al.
v.
HILLARY BUILDERS, Inc.
No. 7903.
Court of Appeal of Louisiana, Second Circuit.
January 7, 1953.
Rehearing Denied and Judgment Amended January 30, 1953.
*847 Gold & Hall, Alexandria, for appellant.
Holt & Holt, Alexandria, for appellees.
McINNIS, Judge.
Six plaintiffs, Vernon G. Rabalais, Joe William Simpson, Charles A. Everett, Fred Kline, Glenn Ferguson and Phillip A. Waring allege that they all live in the 1900 and 2000 blocks of Simmons Street in the city of Alexandria, and own their homes, and that Vernon G. Rabalais bought his home about December 15, 1951. That all homes fronting in the 1900 and 2000 blocks of Simmons Street are set back 25 or more feet from the property line.
That about August 8, 1952 defendant commenced the construction of a home at 2012 Simmons Street adjoining the lot on which the home of Vernon G. Rabalais is built, which according to plans and foundation work will be completely out of line with the frontage of the other homes in these two blocks, and at least 20 feet nearer the front property line than any of the other homes in these two blocks, and that if the house is completed petitioners will be irreparably damaged, and that the property of Vernon G. Rabalais will be affected from a monetary standpoint and as a desirable place to live.
That the 1900 and 2000 blocks of Simmons Street have been placed in the "A" residential district of the city of Alexandria by Ordinances 495 and 547, the pertinent part of which reads as follows:
"Section 3(a) That no buildings in the `A' residential district shall be constructed closer to the front property line than 10 feet, provided that in such district residences must set back from the property line a sufficient distance to conform to the general pattern of set backs of existing residences on any street. * * *"
The prayer is for a temporary restraining order, and for a rule to show cause why a preliminary writ of injunction should *848 not issue enjoining the construction of the house as planned, and finally for judgment perpetuating the injunction, and for general relief. An order was signed granting a temporary restraining order, and requiring defendant to show cause on August 22, 1952 why a preliminary injunction should not issue.
Only Vernon G. Rabalais and Glenn Ferguson signed the affidavit annexed to the petition, and only Vernon G. Rabalais signed the bond for issuance of the temporary restraining order.
When the rule was called for trial on August 22, 1952 defendant filed a motion to dissolve the temporary restraining order for the following reasons:
"a. That such temporary restraining order was granted petitioners herein conditioned upon their furnishing proper bond; that petitioners failed to comply with the order of this Honorable Court dated August 19, 1952, wherein all of the petitioners herein were ordered to furnish such bond, in that said bond was not executed by all of the petitioners herein as principals.
"b. That the affidavit in support of plaintiffs' petition upon which the temporary restraining order was granted was insufficient in that all of petitioners failed to sign same.
"c. That the temporary restraining order issued herein is not in compliance with law in that it failed to state why the order was granted without notice to defendant.
"d. That the temporary restraining order issued herein was not endorsed with the hour of issuance as required by law.
"e. That there was not attached to the documents served upon the defendant a copy of the bond furnished in support of the application for a temporary restraining order.
"f. That petitioners herein are without a right or cause of action to obtain a temporary restraining order such as that issued herein, such right being vested exclusively in the governing authorities of the City of Alexandria."
The motion also contained a demand for damages of $100 a day while the temporary restraining order is in force, and for $500 attorney's fees.
An exception of no right or cause of action to the rule to show cause was filed also. The exception reads as follows:
"That petitioners herein are without a right or cause of action to obtain a preliminary injunction or otherwise such as that sought herein for the reason that the right to proceed and obtain such relief is vested exclusively in the governing authorities of the City of Alexandria and particularly in the absence of allegations to the effect that there has been an arbitrary or willful abuse of such discretion on the part of the City of Alexandria or its properly constituted officers."
This exception was referred to the merits. Answer to the petition, amounting to a general denial, and setting up defenses that the city engineer had investigated the complaints made by plaintiff and had issued the permit for the erection of the house by defendant, and that there is a decided lack of conformity in the setbacks of existing residences on Simmons Street, particularly on the side on which defendant is constructing a building and that the home owned by Rabalais was built entirely out of conformity and established a pattern of nonconformity which was continued by the owner of the property next adjoining that of Rabalais. That the matter of granting a permit for such a residence as that of defendant is in the discretion of the proper city officials, and unless there is arbitrary abuse of such discretion, the decision of such officials should be upheld.
The trial of the motion to dissolve the temporary restraining order was held prior to taking up the trial of the rule to show cause. During the trial of the motion it was stipulated that in the event the motion to dissolve should be sustained, $250 is a reasonable attorneys' fee, and $50 a day is fair for damages to defendant.
The trial of the rule to show cause was then taken up and tried and the court took the motion to dissolve and the rule to show cause under advisement, and on August 27, *849 1952 rendered judgment denying the motion to dissolve, and granting plaintiff the preliminary injunction. From this judgment defendant prosecutes a devolutive appeal.
In this court defendant's brief is devoted largely to discussion of the motion to dissolve the temporary restraining order. In view of the fact that a temporary injunction was granted, we fail to appreciate the importance of the motion to dissolve, however we proceed to a discussion of the issues raised by defendant on the question of the motion to dissolve.
Defendant took the proper steps in its effort to have the restraining order dissolved, by trying that issue in advance of trial of the application for a preliminary injunction, however, it is not seriously argued here that the order should have been dissolved as to Vernon G. Rabalais, the only plaintiff to sign the bond. As a matter of fact the plaintiffs who did not sign the bond never actually got into court, and as to these plaintiffs the motion to dissolve was sustained in the lower court, but unless the motion to dissolve as to Vernon G. Rabalais is also good, we are of the opinion that defendant is not entitled to damages. Accordingly we take up the question of whether or not it should have have been dissolved as to Rabalais.
It is argued that the temporary restraining order did not set out that it was granted without notice to defendant. The writ that was served on defendant did not set out that it was granted without notice, however, the order itself, signed by the district judge, did set out that it was granted without notice, and a copy of the petition and order were served, along with the temporary restraining order, so that this contention is without merit. Further complaint is made that the hour of issuance was not endorsed on the order signed by the judge. This is correct, but this provision of the Statute, LSA-R.S. 13:4064, is in the interest of plaintiff. Persons sought to be enjoined or restrained are bound by the order from the time they have notice of the signing of the order, whether service has been made or not.
For these reasons, we are of the opinion that as to plaintiff Rabalais, the motion to dissolve was correctly overruled. This brings us to consideration of whether or not the district judge was correct in granting the preliminary writ of injunction.
The only question to be answered is whether or not the building of defendant is in violation of the ordinance in regard to the conformity provisions. The record in this case, including the plat made by Louis J. Daigre, Jr., Parish Surveyor, is conclusive as regards the following facts: The residence on the corner of Simmons Street and Prescott Road is constructed facing Prescott Road. The end of this building is 11.2 feet from Simmons Street nearest the Prescott Road and 9.7 from Simmons Street on the other side. This was the first building put up in this area. This building occupies Lot 1. On Lots 4, 6, 7, 8 and 9 are residences located from 26.6' to 46.6' from Simmons Street. Whether or not there is a general pattern of setbacks from Simmons Street is a question of fact which the lower court resolved against defendant. It is contended that because the first building erected on the street, that facing Prescott Road, is barely 10 feet from the front property line on Simmons Street, that this sets the pattern for setbacks, and estops plaintiff from complaining, but this contention does not appear to be supported generally by the decisions. Edwards v. Wiseman, La.App., 3 So.2d 655 and Supreme Court, reported 198 La. 382, 3 So.2d at page 661, and authorities cited.
Another contention by defendant is that only the city of Alexandria has the right to complain of violations of its zoning ordinances, but this appears also not to be supported by appellate court decisions. City of New Orleans v. Leeco, Inc., 219 La. 550, 53 So.2d 490, and authorities cited.
Mr. Soule Butler, City Engineer, who also issues building permits, and who issued the permit to defendant, testified that the ordinance No. 547 was prepared in his office, and that the purpose of requiring buildings to be set back ten feet was a safety measure, so motorists could see down streets at intersections. He also said that plaintiff had called him about defendant's building about to be constructed so *850 close to the street, and he went out and checked, and found that the building on the corner (the first one built in the block), was only 10 feet from the street, and he concluded, that the conformity provision of the ordinance would not be violated by the building that defendant wanted to build. Apparently he gave no consideration to the setback of the other houses in the block.
We are asked to give greater consideration to the interpretation placed on the ordinance by the official, who prepared it, and are cited two cases, State ex rel. Szodomka v. Gruber, 201 La. 1068, 10 So.2d 899 and Carrere v. Orleans Club, 214 La. 303, 37 So.2d 715, holding with this contention of defendant. We agree that this is correct, however in the instant case the testimony of the city engineer shows that in arriving at his conclusion he considered only one house in the block when all the other houses are much further back from the street. It is certainly proper to give greater consideration to the interpretation placed on ordinances by city officials, but if their testimony shows that the conclusion was reached without giving consideration to the factual situation, then we do not believe that we should follow the interpretation. Otherwise the courts would be closed to persons considering themselves aggrieved by interpretations placed on ordinances by city officials.
In our opinion the facts in this case show conclusively that defendant is seeking to violate both the letter and the spirit of the ordinance invoked by plaintiff.
For these reasons the judgment appealed from is affirmed at the cost of defendant, appellant, in both courts.

On Application for Rehearing
PER CURIAM.
Our attention has been called to an error in the judgment of the district court, which was affirmed by this court on original hearing of appeal for reasons set forth in opinion rendered on the 7th day of January, 1953.
The judgment of the lower court in addition to granting the relief prayed by plaintiff, restrained, enjoined and prohibited the defendant from building the structure described therein nearer than 5½ feet to the side property line between Lots 3 and 4 of Block 5 of Shirley Park Addition. The provisions of penal ordinance No. 547 of the City of Alexandria, upon which the judgment was predicated, include the restriction "That no building shall be constructed closer to the side property line than 3 feet * * *". It is evident that in this respect the judgment was in error and should have been corrected in our original decree.
Accordingly, it is ordered that the judgment appealed from be amended by substituting "3 feet" in lieu of "5½ feet", and as thus amended, it is affirmed.
The application for rehearing is denied.