**96 So.2d 597**

**GARDEN DISTRICT PROPERTY OWN-
ERS ASSOCIATION, Inc.**

v.

**CITY OF NEW ORLEANS et al.**

No. 43158.

June 10, 1957.

Louis Fenner Claiborne, New Orleans, for plaintiff-appellant.

Deutsch, Kerrigan & Stiles, Gerald J. Gallinghouse, Alden W. Muller, Acting City Atty., Posey R. Bowers, Asst. City Atty., New Orleans, for appellees.

SIMON, Justice.

Plaintiff-Appellant, Garden District Property Owners Association, Inc., a non-profit corporation organized under LSA–R.S. 12:101 et seq., seeks a permanent injunction directing the City of New Orleans to revoke a certificate of use or occupancy which authorizes the co-defendant, Julius Szodomka, the right of use and occupancy of the premises as a four-apartment dwelling situated at 2717–19 Chestnut Street in

the City of New Orleans and to further prohibit the said Szodomka and his successors in title from so using the said premises, contending that said property, being classified as "B—two-family" under Ordinance 18,565 CCS, known as the Comprehensive Zoning Law, has lost its legal nonconforming use status as a result of six months' vacancy.

In answering, the City denied the essential allegations of plaintiff's petition. Defendant Szodomka filed several exceptions, among them an exception of no right of action. The lower court sustained the exception of no right of action and dismissed plaintiff's suit as to him. It is from that ruling that the present appeal is prosecuted.

On the day this case was called for argument before us plaintiff-appellant filed a motion to transfer this appeal to the Court of Appeal, Parish of Orleans, on the ground that there is no affirmative showing of the amount in dispute or the value of the right asserted so as to vest us with jurisdiction.

After a careful examination of the record we fail to find that it contains a scintilla of proof affirmatively showing that the amount in dispute or the value of the right asserted exceeds the sum of $2,000.00, exclusive of interest, nor does it appear that this case falls within any other of the classes of cases of which this Court is given appellate jurisdiction. LSA–La.Const. of 1921, Art. 7, Sec. 10; Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386; City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402.

Accordingly, by virtue of the authority vested in this Court under LSA–R.S. 13:4441 and 13:4442, it is ordered that this case be transferred to the Court of Appeals, Parish of Orleans, the transfer to be made within thirty days after this decree has become final; otherwise the appeal is to be dismissed; the appellant to pay the cost of this appeal; all other costs to await the final disposition of the case.