98 So.2d 922 (1957)
GARDEN DISTRICT PROPERTY OWNERS ASSOCIATION, Inc.
v.
CITY OF NEW ORLEANS et al.
No. 21051.
Court of Appeal of Louisiana, Orleans.
December 2, 1957.
Rehearing Denied January 6, 1958.
Writ of Certiorari Denied February 10, 1958.
Louis Fenner Claiborne, New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Gerald J. Gallinghouse, New Orleans, for Julius Szodomka, defendant-appellee.
Alden W. Muller, Acting City Atty. and Posey R. Bowers, Asst. City Atty., New Orleans, for City of New Orleans, defendant-appellee.
JANVIER, Judge.
The Garden District Property Owners Association, Inc., is a nonprofit corporation, organized under the laws of the State of Louisiana, LSA-R.S. 12:101 et seq. The objects and purposes for which it was organized are set forth in its original charter and the amendment thereof, certified copies of both being in the record. From the amended charter, which is practically identical with the original charter, we quote the following:
"* * * to promote and stimulate social, moral, ethical and financial values accruing to the owners of real estate within, and the residents of, the Garden District, and to that end to advocate the enactment of zoning and regulatory laws and ordinances pertaining to real estate and its uses in the Garden District, to encourage and procure the enforcement of existing laws and ordinances and to assist in the prosecution and prevention of all violations thereof; and generally to do any good which is incidental and necessary, or in any manner complementary to the objects and purposes herein set forth."
The corporation brought this suit in an effort to prevent the "City of New Orleans and its designated officers from issuing unto Julius Szodomka a final Certificate of Use or Occupancy for the use of the main front building known as 2717-2719 Chestnut Street in the City of New Orleans as a four-apartment dwelling or any other use not in conformity with the regulations for `B' Two Family districts provided in the Comprehensive Zoning Law of the City of New Orleans of 1953, Ordinance 18,565 C.C.S. as amended."
*923 The District Judge maintained an exception of no right of action and dismissed the suit reaching the conclusion that the "corporation should be held to be without proper interest to stand as a party plaintiff in this matter." From this judgment the plaintiff corporation appealed devolutively to the Supreme Court of Louisiana, which Court, finding itself without jurisdiction ratione materiae, transferred the appeal to this Court. 233 La. 317, 96 So.2d 597.
The principal contention of the defendants is that the corporation itself, owning no real estate, has no interest in the enforcement of the zoning law, and our attention is directed to Article 15 of our Code of Practice and to two decisions of our Supreme Court on the subject. Article 15 of the Code of Practice reads as follows:
"An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action."
The two cases referred to are: City of New Orleans v. Leeco, Inc., 219 La. 550, 53 So.2d 490, and State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613.
In the Leeco case [219 La. 550, 53 So.2d 491] the suit was brought by the city itself, but there were intervenors who joined with the city in seeking the enforcement of the zoning law which was involved. It was contended that the intervenors had no interest. The Court said that the intervenors were "residents and property owners of the vicinity," and held that therefore they "had an interest to pursue."
In the Dema Realty Co. case [168 La. 172, 121 So. 614] the Supreme Court stated that the "relator owns certain real estate located * * * in this city," and that the property of the defendants was situated in the same area, and the Court said that if the violation should be permitted, "the plaintiff's property will not be worth as much."
Although in both of these cases the Supreme Court did refer to the fact that the intervenors, in one case, and the plaintiff in the other, owned real estate, we do not interpret those decisions as establishing the rule that only an owner of real estate may bring suit to enforce zoning laws.
Counsel for the plaintiff corporation frankly states in his brief that so far as he knows "never * * * has any Louisiana appellate court been confronted with the question before this Court", and he states that question as follows: "Can a property owners' association whose membership individually would have the right, as neighboring property owners, to bring an action to restrain a zoning violation, institute such an action on their behalf?"
While it is true that no Louisiana cases are to be found and while it must be conceded that we are not controlled by decisions in other jurisdictions on such questions, still, where the reasoning of those other decisions is persuasive, we find ourselves much affected by it and we therefore direct attention to several cases from other jurisdictions in which this identical question was presented. These cases are: Neponsit Property Owners' Association v. Emigrant Industrial Savings Bank, 278 N.Y. 248, 15 N.E.2d 793, 118 A.L.R. 973; In Matter of City of New York, Public Beach, Borough of Queens, 269 N.Y. 64, 199 N.E. 5; City of Omaha v. Glissmann, 151 Neb. 895, 39 N.W.2d 828; North Shore Beach Property Owners Ass'n, Inc. v. Town of Brookhaven, Sup., 115 N.Y.S.2d 670 and Merrionette Manor Homes Improvement Association v. Heda, 11 Ill.App. 2d 186, 136 N.E.2d 556.
In the Neponsit case, supra, the Court said [278 N.Y. 248, 15 N.E.2d 798]:
"The corporate plaintiff has been formed as a convenient instrument by which the property owners may advance their common interest. We do not ignore the corporate form when we recognize that the Neponsit Property Owners' Association, Inc., is acting as the agent or representative of Neponsit property owners. As we have said in another case: When Neponsit property Owners' Association, Inc., `was *924 formed, the property owners were expected to, and have looked to that organization as the medium through which enjoyment of their common right might be preserved equally for all,' * * *".
It is argued that the same reasoning is applicable here and that the statement made by the Court of Appeals of New York in that decision is most persuasive. There the Court quoted with approval the following from its earlier decision in Matter of City of New York, Public Beach, Borough of Queens, supra:
"It may be difficult, or even impossible, to classify into recognized categories the nature of the interest of the membership corporation and its members in the land. The corporate entity cannot be disregarded, nor can the separate interests of the members of the corporation * * *."
and the Court then added:
"Only blind adherence to an ancient formula devised to meet entirely different conditions could constrain the court to hold that a corporation formed as a medium for the enjoyment of common rights of property owners owns no property which would benefit by enforcement of common rights * * *." [278 N.Y. 248, 15 N.E.2d 798]
In the Merrionette case, supra, the Appellate Court of Illinois stated that it was much impressed with the reasoning of the New York Court and, since it could find nothing in the laws of Illinois which required a different conclusion, it approved and adopted that reasoning.
Counsel for defendants maintain that we should not follow those decisions nor the reasoning thereof for the reason that in Louisiana we are controlled by Article 15 of our Code of Practice which require that a plaintiff have a real and actual interest which he pursues.
We wonder, however, how it can be said that a corporation, which is organized for the very purpose of bringing such suits as this, has no real and actual interest in such a matter. The Nonprofit Corporations Statutes, LSA-R.S. 12:101 et seq., authorize the creation of such a corporation and section 109 provides that while the acts which such corporations may perform are somewhat limited, they may perform "those acts which are necessary or proper to accomplish the purpose or purposes as expressed or implied in the articles, or that may be incidental thereto."
If a corporation organized to accomplish just such a purpose and which is authorized to do any act necessary to accomplish that purpose, surely it is authorized to bring such suit as may be required.
And section 120 of LSA-R.S. 12, which section has reference to such nonprofit corporations, provides for the bringing of suits. And while it is provided that the president or the vice-president "may, on behalf of the corporation, authorize the institution of any legal proceedings * * * without other general or special powers from the board of directors," we do not take this to mean that the board cannot authorize the secretary-treasurer to institute such a suit as this. It is alleged that the suit is brought in the name of the corporation and there is attached to the petition the affidavit of the secretary-treasurer to the effect that he was authorized to institute it by resolution of the Board of Directors. See Prince Hall Grand Lodge, etc. v. M. W. Prince Hall Grand Lodge, La. App., 79 So.2d 97.
We think that the suit was properly brought and that the plaintiff corporation had the legal right to institute it.
The judgment appealed from is annulled, avoided and reversed, the exception of no right of action is overruled, and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law.
Reversed and remanded.