HARDY, Judge.
This action was instituted by the seven named individuals and one corporation, as residents and property owners in the City of Shreveport, praying for injunctions both prohibitory and mandatory, against the defendant, Continental Oil Company, for the purpose of restraining and enjoining specified violations of certain municipal ordinances of the City of Shreveport. Plaintiffs’ petition also named as defendants the City of Shreveport, the Shreveport Metropolitan Planning Commission of Caddo Parish, and the Office of Zoning Administration, against whom it prayed for the issuance of a rule nisi and judgment enjoining said defendants from issuing a certificate of occupancy to the defendant, Continental Oil Company. From a judgment granting a mandatory injunction and refusing all other demands of plaintiffs, as more fully hereinafter explained in detail, both plaintiffs and the defendant, Continental Oil Company, have perfected appeals from that portion of the judgment which is prejudicial to their respectively asserted rights. The City of Shreveport and the other governmental agencies filed an answer generally denying the allegations of plaintiffs’ petition and setting up certain affirmative defenses to plaintiffs’ demands. In connection with this appeal plaintiffs-appellants have not asked for any relief against these municipal defendants and their claims therefor are considered to have been abandoned.
Defendant is the owner of a tract of land measuring some 179 feet on Captain Shreve Drive by 12S feet on East Preston Avenue, in the northwest comer of the intersection of the said streets, in the 'City of Shreveport on which it has erected a gasoline service station and all the installations necessary and appurtenant thereto. Defendant’s property bears municipal number 1342 Captain Shreve Drive and its service station was erected after issuance of a building permit by the duly authorized officials of the City of Shreveport.
The seven individual plaintiffs own properties on which their respective homes are located in the 1400 blocks of Audubon Street and Captain Shreve Drive. The corporate plaintiff is the owner of two undeveloped lots, one of which is located on the southwest corner of the intersection of Captain Shreve Drive and East Preston Avenue, and the other of which is situated in the 1400 block of Captain Shreve Drive.
In October, 1955, the City Council of Shreveport adopted Ordinance 175, in which the zoning classification of a described 17 acre tract of land was changed *716 from one-family residence use to neighborhood commercial use. This action was taken in connection with a proposed development program of the 17 acre tract, which has since been carried out, the said area now being known as the Shreve Island Shopping Center. The ordinance provided for the development of the property involved “ * * * in general accordance =i= * *” with the plat attached thereto, which plat, inter alia, provided for the ■erection of a brick wall five feet high for the purpose of low screening and the planting of trees and shrubbery for the purpose of high screening around the sides of the commercial area and particularly along the northwesterly boundary of East Preston Avenue on each side of its intersection with Captain Shreve Drive. An admitted allegation of plaintiffs’ petition averred that the developers of the commercial tract erected a fence of concrete blocks substantially as required by the ordinance. In connection with defendant’s application for a building permit, it furnished the City authorities with a detailed plot of its proposed construction. This plat, or map, shows the proposed removal of a portion of the concrete block screening wall, and the cutting of the curb on East Preston Avenue in order to permit a 35 foot entrance driveway from East Preston Avenue into defendant’s property. The requested building permit was approved with the exception of the removal of the screening wall, the cutting of the curb and the construction of a driveway on East Preston Avenue. It is further material and relevant to call attention to the fact that the map under discussion shows that the defendant’s building was intended to face Captain Shreve Drive and the rear wall of the building was to be located 16 feet 5 inches from the rear line of the property. The building was constructed in accordance with the plat and despite the qualification of the building permit, defendant did remove a portion of the screening wall, cut the curb on East Preston Avenue and built a driveway entrance in accordance with its original plan.
Plaintiffs in this action specifically complain of two distinct violations of municipal ordinances on the part of defendant as follows:
(1) The violation of Ordinance 175 of 1955 by the removal of a portion of the screening wall and the cutting of the curb on East Preston Avenue; and
(2) The violation of the Comprehensive Zoning Ordinance of the City of Shreveport (No. 184 of 1957 as amended) specifically in that the rear wall of defendant’s building was located only 16 feet 5 inches from the rear property line in direct violation of Section II, Part C, Subdivision (2) (d) which provided the minimum dimensions of yards in a B-2 neighborhood business district as:
“Front yard 30 feet
Side yard None
1 Rear yard 25 feet.”
(Emphasis supplied.)
Despite the argument on behalf of defendant that its building should be considered to front East Preston Avenue, which argument we do not find to be persuasive under the facts of the case, there can be no question that defendant’s violations in both of the above respects were established on trial of this case.
On trial of the rule nisi issued in response to plaintiffs’ petition, the district court granted a preliminary injunction against defendant from further removal of the screening walls and cutting of the curb and against the City of Shreveport prohibiting the issuance of a permit of occupancy and use of its building, which injunction was ordered to issue upon plaintiffs furnishing bond in the sum of $10,000.00. However, by written stipulation it was agreed that this injunction should not be perfected; plaintiffs permitted the issuance by the City of a certificate of use and occupancy and defendant agreed to close off access to its premises from East Preston Avenue by barring the same with two *717 heavy chains pending trial and judgment -on the merits. This stipulation was carried out, defendant was granted a certificate of use and occupancy, since which its service station has been in active operation. Following the above proceedings the case was tried on the merits, and for reasons assigned in a written opinion judgment was rendered ordering the issuance of prohibitory and mandatory injunctions against the defendant, Continental Oil Company, restraining it from removing any additional portion of the screening wall, and commanding it to restore that part of the screening wall which had been removed, together with the curb on East Preston Avenue within thirty days from finality of the judgment. All other demands of plaintiffs were denied.
As above noted, both plaintiffs and defendants have appealed and before this ■court plaintiffs pray that the judgment appealed from should be amended to the extent of issuing a mandatory injunction requiring defendant
“ * * * to remove from its property structures erected in violation of Ordinance 184 of 1957.”
Defendants-Appellants seek the amendment of the judgment to the extent of the rejection of all of plaintiffs’ demands and the dismissal of their suit.
Despite the foregoing exhaustively detailed descriptive preamble, which we sincerely decry but have been unable to avoid, the issues presented by these appeals appear to be remarkably simple. No specific assignments of error, aside from entitlement to the relief prayed in connection with these appeals, have been asserted by either •of the parties-appellant. In our opinion, the question resolves into a determination ■of the right of the plaintiffs-appellants to the injunctive relief which they seek for the purpose of prohibiting the violations by the defendant-appellant of the particular provisions of the ordinances as hereinabove ■delineated.
Adverting to the allegations of plaintiffs’ petition, we find that the grounds upon which they predicate their right to relief by the injunctive process are set forth in Articles 16 and 27 of their petition, which articles we quote, in extenso, as follows:
“16.
“That under the provisions of Section VII, Part A, Subdivision 7, of the aforementioned ordinance adjacent or neighboring property owners who would be damaged by a violation of the said ordinance are authorized to institute proceedings to prevent, correct or abate such violations.
“27.
“That the continuing violation of the ordinances referred to herein by defendant, Continental Oil Company, in derogation of the public policy exemplified by the enactment of said ordinances, is violative of petitioners’ property rights and has injured and damaged petitioners in the following non-exclusive particulars:
“(a). Removal of the screening wall along East Preston Avenue which was erected for the protection of the high-class R-l One Family Residence District in which petitioners reside exposes to the view of petitioners, from their homes, the service station being erected and proposed to be operated by defendant with all its attendant movements, activity, going and coming of vehicles, maintenance and storage of unsightly equipment, supplies and merchandise and will open to view of petitioners not only the service station situated upon defendant’s property, but also the largest portion of the commercial development, including parking lots and retail establishments of varying types.
“(b). Removal of said screening wall greatly increases the volume of noise, exhaust fumes and other noxious odors *718 and gases eminated by such an opera-, tion, to which petitioners in their homes would be subjected.
“(c). That removal of the screening wall and defendant’s violation of the minimum rear yard requirement tends to convert to an eyesore and a nuisance what was intended to be a desirable, well-planned, well-developed community shopping center, all of which disturbs petitioners in the peaceful enjoyment of their homes and greatly decreases the value of petitioners’ properties.
“(d). That removal of portions of the Preston Avenue screening wall and the construction of a driveway and service station access from Preston puts unnecessary and unreasonable traffic congestion on Preston in the immediate vicinity of petitioners’ properties to their great detriment damage annoyance and inconvenience, which the screening requirement was intended to prevent.”
The only contention made on behalf of plaintiffs-appellants which we deem material to a determination of these appeals and which squarely presents the only issue involved, is found in their argument that the violation of a zoning law constitutes a nuisance per se, and in the absence of an attack upon the legality thereof, the granting or refusal of an injunction prohibiting such violation is not discretionary but mandatory. In support of this contention, counsel cite and rely upon the following authorities: City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A.L.R. 1136; City of New Orleans v. Lafon, La. App., 61 So.2d 270 (Orl.App.1952, writs denied); Rabalais v. Hillary Builders, La. App., 62 So.2d 846 (2d Cir., 1953); City of New Orleans v. Leeco, Inc., 219 La. 550, 53 So.2d 490.
Our examination of the above cases discloses that the Liberty Shop case involved the violation of the zoning ordinance of the City of New Orleans, resulting from the establishment of a commercial business enterprise in an exclusive residence district.
The Lafon case concerned the violation of the zoning ordinance of the City of New Orleans by the operation of a trailer court in an area classified as a “C” Apartment Zone. The Rabalais case was an action to enjoin the building of a home which would have violated the frontage setback regulations by placing the construction some 20 feet nearer the front property line than any of the other homes in a two-block “A” residential district of the City of Alexandria. While it is true that this court, in its opinion in the Rabalais case, declared that the only question involved was whether the objectionable construction violated the conformity provisions of the ordinance, it is important to note that this statement was made in connection with a factual finding as to the existing general pattern of setbacks. It is also to be observed that the action of plaintiffs in the Rabalais case was predicated upon a contention of irreparable damage as to the effect upon the value and desirability of their property. This question was neither considered nor discussed in the-opinion of the court. The same conclusion-was reached by this court in Guyton v. Yancey, La.App., 115 So.2d 622, affirmed by the Supreme Court, 240 La. 794, 125 So.2d, 365, 371, in which case counsel for plaintiffs-appellants in the matter before us were-counsel for defendant-relator. The Supreme Court affirmed our judgment granting injunctive relief to the plaintiff, Guyton,, upon the basis that “ * * * he would be-materially and adversely affected in the-enjoyment of his home by an occurrence of' the threatened extreme violation of the-front setback restriction on defendant’s lot-—the two properties being in close proximity to• and fronting each other. (Emphasis supplied). The Leeco case was an action to enjoin the operation of a theater in a building located in an “A” Residential Zone area.
From our consideration of the above-authorities we are unable to find support for the contention of plaintiffs-appellants. *719 in the instant case thát the violations complained of constituted nuisances per se. 'The definition of this phrase, which we find to be universally accepted, is set forth in Black’s Law Dictionary, 4th Edition, as follows:
“Nuisance per se. An act, occupation, or structure which is a nuisance at all times and under all circumstances regardless of location or surroundings. ■* * * As, things prejudicial to public morals or dangerous to life or injurious to public rights; distinguished from things declared to be nuisances by statute, and also from things which constitute nuisances only when considered -with reference to their particular location or other individual circumstances.”
The case before us does not involve a violation of any such nature as could be -considered to constitute a nuisance per se, but apparently concerns only minor violations of municipal ordinances. That this ■distinction was fully understood and accepted by plaintiffs is implicit in the above ■quoted allegations of their petition which ■are convincing upon the point that plaintiffs ■properly relied upon damages to themselves ■or their property resulting from the violations in question. We .think this position •was entirely proper and therefore the question as to plaintiffs’ right to relief must -depend upon the factual establishment of some nature of damage proximately attributable to the violations of which they •complain.
Only two of the plaintiffs testified on trial of this case, but we will assume that the testimony of the other plaintiffs involved would have been only cumulative in nature. We have carefully examined the testimony of these two witnesses and we find not one single word which can be con•strued by either express or implied con•struction as establishing any nature of ■ damage resulting from the actions of defendant, Continental Oil Company. By •way of brief summary, the only testimony of these witnesses bearing upon the violation of the screening wall and rear yard setback provisions of the ordinances in question was that by walking into the back yards of their homes they could see defendant’s service station building. It was their further testimony that in order to see the building it was necessary to look over a six-foot redwood fence in the yard of a residence located between their own homes and defendant’s property. There is not one scintilla of evidence in the entire record which could possibly be considered by any stretch of the imagination to establish any damage of any nature or degree to these plaintiffs as the result of the specific violations with which defendant is charged.
In a case such as this, we regard the application of injunctive relief to require, as a condition precedent thereto, the establishment of some damage to a plaintiff as a neighboring property owner. The record offers not the slightest support for plaintiffs’ right to relief on the ground of damage which was reserved by the section of the municipal ordinance relied upon and asserted in Article 16 of their petition. Nor is there any support in the record for the specific averments of damage as set forth in Article 27 of the petition, quoted supra.
Absent the establishment of any element of damage, we find no authority by which individuals are vested with the right to an injunction for the purpose of preventing violations of a zoning ordinance. In State ex rel. Dema Realty Company v. McDonald, 168 La. 172, 121 So. 613 (which case, inter alia, was cited and relied upon by counsel for plaintiffs-appellants with respect to the remedy of injunction for the abatement of violation of a zoning law), our Supreme Court commented on the proposition that zoning ordinances fall within the police power of municipal corporations as being too well settled to necessitate discussion. We are convinced that the enforcement, vel non, of the minor infractions of the ordinances of the City of Shreveport here involved is a question which falls within *720 the governmental discretion of the municipal authorities under the police power.
A corollary conclusion is that individuals are not vested with authority to enforce such statutory regulations, even through the civil action for injunctive relief, except upon a showing that the violation constitutes, (a) a nuisance per se, or what may be designated as a public nuisance, or (b) a nuisance that has caused some nature of damage to the complainants by reason of which they are entitled to its abatement. No evidence of the existence of either of the above two requirements has been established in the instant case.
For the reasons assigned the judgment appealed from is amended by vacating that portion thereof requiring the defendant, Continental Oil Company, to restore the screening wall and curb along Preston Avenue, and It Is Further Ordered that all of plaintiffs’ demands be and they are hereby dismissed.
All costs of both courts are assessed against plaintiffs-appellants.