KLIEBERT, Judge.
This appeal arises out of an action by Herbert Rodrigue, Burton Klein and Mary Borrell (neighbors of one of the defendants) to enjoin the defendants, Alvin C. Copeland (Copeland) and Popeyes Famous Fried Chicken, Inc., from continuing to operate a lighting display during the Christmas season at Mr. Copeland’s home. The trial judge refused to grant the injunction but imposed so-called restrictions on the operation of the display.
On appeal the plaintiffs contend the trial court erred in failing to find the display was a nuisance and in violation of numerous Jefferson Parish ordinances. The defendants, who also appealed, contend the restrictions imposed on the operation of the display by the trial judge overreaches the power of the judiciary and violates the First and Fourteenth Amendments of the United States Constitution. For the reasons which follow, the judgment of the district court is affirmed.
The uncontroverted facts of the case are: (1) Since 1977 during the Christmas season, Copeland, the owner of Popeyes Famous Fried Chicken, Inc., began to decorate his home and operate a lighting display on Folse Drive at the intersection of Transcontinental Drive in Jefferson Parish; (2) The Copeland home fronts on Folse Drive with the Lake Pontchartrain levee to its rear, and (3) The home is in a limited access neighborhood in an area zoned single family residential.
Over the years the display began to attract attention and, hence, sightseers into the area. The plaintiffs allege the number and activities of these visitors created an intolerable situation in their neighborhood. They claim difficulty in ingressing and egressing their homes, in parking, in having trash thrown over the streets and lawns of the neighborhood, and difficulty in obtaining emergency services and otherwise enjoying the benefits of ownership of their property and homes.
The procedural history of this case is somewhat more complicated. For clarity in understanding the procedural posture in which the case reaches this court on this appeal, we state the procedural history.
On November 30, 1983 plaintiffs instituted a suit seeking injunctive relief against the defendants. On December 1, 1983, the Parish of Jefferson filed a petition for a writ of injunction preventing Copeland from erecting the display on his property and from placing part of the display on public property. The two cases were consolidated and a hearing date on the preliminary injunction was set for December 6, 1983.
A Certificate of Fact filed into the record and signed by the trial judge shows that prior to the hearing on the preliminary injunction a pre-trial conference was held on December 3, 1983. The conference was attended by counsel for plaintiffs, counsel for defendants and two representatives of the Jefferson Parish Sheriff’s office. According to the Certificate of Fact, the rep *70 resentatives of the Jefferson Parish Sheriffs office were present at the pre-trial conference to discuss and devise a plan to alleviate the traffic problems complained of by plaintiffs in their original petition.
At the hearing on the preliminary injunction held on December 6, 1983, a safety inspector for the Parish of Jefferson testified that numerous items contained in the display were violations of Jefferson Parish ordinances because they encroached on the Parish’s 20 foot right of passage in front of residential developments. Under cross-examination he admitted only three violations of this ordinance had been issued in approximately ten years. Likewise, he admitted numerous violations were present in photos of other homes in Jefferson Parish, but no citations were issued. His proffered explanation for the citation of Mr. Copeland was that complaints were received from the public about Copeland’s displays; but, none were received in the uncited situations. On appeal, counsel for the Parish stated this to be pursuant to the Department Head’s administrative decision to take action only when a complaint is received.
Also, at the December 6, 1983 hearing the Sheriff of Jefferson Parish, Harry Lee, and his deputy, Colonel Jacobs, were called as witnesses and testified that they would make attempts to control the problems complained of by the plaintiffs. Further, a representative of East Jefferson Hospital testified that in the prior year the hospital responded to two calls in the area; however, he could not state on his knowledge if the display was operated at that time. The hearing was then continued to December 13, 1983.
At the December 13th hearing, Col. Jacobs again testified as to his attempts to control the traffic situation around the display. Plaintiffs offered testimony of neighbors indicating the ingress and egress problems in the area. On December 15th, 1983, the trial court issued a judgment with written reasons denying the request for a preliminary injunction. On December 22, 1983 this court denied writs on the trial judge’s refusal to grant the preliminary injunction. On January 16, 1984 the Louisiana Supreme Court also denied writs, 444 So.2d 128, thus permitting the matter to proceed to a hearing on a permanent injunction on July 31, 1984.
At the permanent injunction hearing, testimony was taken as to the success of the sheriff’s efforts to control traffic in the area during the display period. On August 31, 1984, the trial court issued a judgment denying the permanent injunction and ordering future displays be limited to a period of thirty days and a cessation of the lights and music each night by 11:00 o’clock. On September 10, 1984 the trial judge amended his judgment granting a permanent injunction enjoining Mr. Copeland from using public property in his display.
On October 4, 1984 plaintiffs obtained an order for a devolutive appeal to this court. Subsequently, on October 12, 1984, the defendant, Copeland, was also granted a de-volutive appeal. On the same day Copeland filed a motion for a suspensive appeal which was also granted.
In response to the granting of the sus-pensive appeal plaintiffs filed a motion to dismiss the suspensive appeal and attached a “Per Curiam” of the trial court which stated that the suspensive appeal was granted inadvertently and in error. This court issued an order on November 21, 1984 remanding the suspensive appeal to the district court to take the appropriate action.
On December 7, 1984 defendant Copeland filed a writ application coupled with a stay order requesting a stay of the district court’s judgment pending a hearing on the writ or on the appeal already lodged. The stay order and writ application were denied on the grounds the pending appeals afforded both parties an adequate remedy for the relief sought.
The Parish of Jefferson has not appealed nor has it answered the appeals taken by the plaintiffs and defendants. Thus, the matter before us consists of a devolutive appeal by plaintiffs from the district *71 court’s refusal to grant a permanent injunction to abate a nuisance and a devolu-tive appeal by the defendants alleging the impropriety of the so-called restrictions imposed by the district court on his operation of the display.
A close reading of the district court’s reasons for judgment reveals the trial judge’s serious reservations concerning the peace and safety of the residents around the display. Nevertheless, due to the successful operation of the sheriff’s traffic control plan, he felt the display was not a nuisance, therefore, abatement was not necessary, provided the display did not violate the parish ordinances and/or become a nuisance by excessive operation.
Plaintiffs argue, however, that viewed under the totality of the circumstances the display is a nuisance and, therefore, should have been completely abated. Copeland contends that once the trial court found the display was not a nuisance, he should have been allowed to continue its operations without restrictions and that the restrictions imposed on him violate his rights under the First and Fourteenth Amendments of the United States Constitution.
At the outset, we note that in a suit to abate a nuisance, a distinction between a “nuisance per se” and a “nuisance in fact” must be drawn. A nuisance per se is an act, occupation or structure which is a nuisance at all times under any circumstance. Thornburg v. McMillin, 392 So.2d 1119 (La.App. 3rd Cir.1980), writs denied 399 So.2d 599 (La.1981); Wright v. DeFatta, 142 So.2d 489 (La.App. 2nd Cir.1962); Hutson v. Continental Oil Co., 136 So.2d 714 (La.App. 2nd Cir.1961), while a nuisance in fact is one that becomes a nuisance by reasons of facts, circumstances and its surroundings. Traylor v. Colvin, 84 So.2d 286 (La.App. 2nd Cir.1955). Whether or not an activity constitutes a nuisance is a question of fact depending on the peculiar circumstances of the case and must be shown as such. Wright v. DeFatta, supra; Thornburg v. McMillin, supra.
Here the alleged nuisance sought to be abated cannot be categorized as a “nuisance per se”. Thus, whether or not the operation of the display constitutes a nuisance in fact must be determined by inquiry into the circumstances and its surroundings.
The trial judge concluded that with the traffic control plan instituted by the sheriff and adherence to the provisions of Jefferson Parish Code of Ordinances Article V, Section 20-102(2) and Jefferson Parish Zoning Ordinance No. XVIII 5(A) the operation of the display would not be a nuisance in fact. Code of Ordinance Section 20-102(2) specifically provides the operation of electronic machines or devices in such a manner as to be audible at a distance of fifty feet between the hours of 11:00 P.M. and 7:00 A.M. would be a prima facie evidence of a violation of the section. Section 5A of Section No. XVIII of the Zoning Ordinance provides for the issuance of a temporary permit to operate for not more than thirty days special decorative displays used for holidays. Hence, the trial judge refused to grant the injunctive relief prayed for.
We have carefully reviewed the record and agree with the conclusions drawn by the trial judge, i.e., with the successful traffic control plan and the limitation on the time and period of operation the display is not a nuisance in fact.
Copeland, however, contends that these so-called restrictions infringe on his constitutional right to decorate his home to display his religious beliefs. He urges that this activity constitutes speech, hence, the restrictions are a violation of his First Amendment rights.
It is well settled that the First Amendment does not give persons unrestricted and unbridled licenses for every possible activity/speech. States may impose reasonable regulations on First Amendment activities. As was stated by Mr. Justice Holmes, “the most stringent protection of free speech would not protect a man from falsely shouting ‘FIRE’ in a *72 crowded theatre.” Schenck v. U.S., 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919).
States may restrict speech of a “loud and raucous” volume when it conflicts with the community interest in order and tranquility. Free speech cannot be exercised in a manner that constitutes a nuisance. Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1974). Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed. 800 (1981). However, the State may not enforce blanket non-speech statutes that do not bear a rational relationship to the public interest in preserving order and tranquility. Saia v. New York, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948). Hence, Jefferson may impose restrictions on activities that offend the public peace, however, they may not impose blanket restrictions against expressions of religious belief by homeowners.
Copeland also argues that the restrictions placed on his property and not all other homes in Jefferson Parish constitutes a violation of his right to equal protection under the law.
We note that land use is not a fundamental right and zoning laws are tested by the traditional reasonableness standard. Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). In the instant case the Parish of Jefferson has enacted two ordinances that regulate the use of property. First— that signs and displays over a specific size can only be displayed for thirty days under a temporary permit, and secondly — that noise from mechanical devices be abated after 11:00 P.M.
As we have discussed in regard to the First Amendment right to display, the Parish has a reasonable basis for justifying the disparity of the treatment of Mr. Copeland. His display is of a magnitude that it justifies regulation to protect the Parish’s legitimate interest in order and tranquility in a residential neighborhood. Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions (race, religion or alienage) the constitutionality of the statutory classifications are presumed, hence, its validity requires only that the classification challenged be rationally related to a legitimate state interest. City of New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).
In essence, Copeland argues the unconstitutionality of the so-called restrictions imposed by the trial court as though the issue involved here was — Can the defendant decorate his home for Christmas? In fact, the defendant’s right to do so has never been questioned. Rather, the question presented for determination here is— Having elected to exercise his constitutional right to do so, has the defendant done so in a manner which violates a regulatory statute or in such a manner as to constitute a nuisance in fact?
The trial judge’s limitations or restrictions were not an order of the court or a usurpation of the police power of the Parish of Jefferson as Copeland argues. Rather, they were parameters within which the court would not find the display to be a nuisance in fact. The defendant is not under court order to limit the time and hours of the display, however, if he operates outside of those parameters, his display could be declared a violation of the ordinances and/or declared a nuisance in fact and, hence, abated.
For the reasons stated, therefore, the judgment of the trial court is affirmed. Each party is to bear his own costs.
AFFIRMED.