212 So.2d 128 (1968)
George C. ADAMS et al., Plaintiffs-Appellees,
v.
Harry M. BRIAN, Defendant-Appellant.
No. 2315.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1968.
Rehearing Denied June 27, 1968.
Writ Refused October 15, 1968.
*130 Gist, Methvin & Trimble, DeWitt T. Methvin, Jr., Newton Hargis, Alexandria, for defendant-appellant.
Provosty, Sadler & Scott, by LeDoux R. Provosty, Jr., Alexandria, for plaintiff-appellee.
Before FRUGE, HOOD, and LEAR, JJ.
FRUGE, Judge.
This case was consolidated for trial purposes with the case of Adams et al. v. City of Alexandria, 212 So.2d 134 (La.App.3d Cir., 1968).
Plaintiffs are seeking to enjoin the construction of a home adjacent to their properties; and in the suit consolidated herewith, they sought a writ of mandamus to order the City of Alexandria to enforce its zoning ordinance and to cause it to rescind a building permit previously issued to Dr. Brian.
Plaintiffs, Mr. Adams and Dr. McGill, owned homes on Hill Street in the City of Alexandria. Between their respective properties, there was an eighty front foot lot which was vacant. Dr. Brian purchased that lot and began plans to construct a quite modern and expensive home thereon. The home which Dr. Brian began constructing has a brick wall, or "fence", at least seven feet high, surrounding it, which the trial court found to be an integral portion of the house itself. This wall is built four inches from the property line of both plaintiffs, and extends within *131 twenty-five feet of the front property line. The front of Dr. Brian's house is also twenty-five feet from the front property line.
Mr. Adams' objections to the construction of Dr. Brian's residence are: (1) That it violates the general pattern of set-backs in that area, in that it is being constructed much nearer to the street than his house or Dr. McGill's house, and (2) That a "pool house" or recreation structure is being built four inches from his property line in violation of the City ordinance.
Dr. McGill also objects to the construction of the house as near as twenty-five feet from the front property line. In addition, he objects to the construction of a driveway sixteen inches from his property line.
The trial judge found in favor of plaintiffs on their demands in both cases, and issued a temporary injunction to stop defendant, Dr. Brian, from constructing any portion of this residence in violation of the zoning ordinance; and, in the consolidated case, he ordered the City of Alexandria to revoke the permit issued to Dr. Brian and to cause to be removed that construction of the Brian residence which violated the zoning ordinance.
Defendants in both cases appealed.

I
The first question we shall consider is whether or not the construction of Dr. Brian's residence violated the City's zoning ordinance.
Section 28-3(b) of the zoning ordinance of the City of Alexandria, provides in part:
"No building or dwelling unit in the `A' Residence District shall be constructed closer to the front property line than twenty-five (25) feet provided that in such a district, buildings must set back from the front property line a sufficient distance to conform to the general pattern of setbacks of existing buildings on any street."
The record reveals that Mr. Adams' house is set back 40.2 feet from his front property line and that Dr. McGill's residence is thirty-eight feet from the front property line (both measured from their front porches). Defendant, Brian's, residence is to rest only twenty-five feet from the front property line. Thus, it stands thirteen feet nearer the street than McGill's residence, and over fifteen feet nearer than Mr. Adams'.
The trial court prohibited any construction of Dr. Brian's residence closer than 39.1 feet from the front property line. He construed Section 28-3(b) to require that Dr. Brian's residence must be set back farther than twenty-five feet from the front property line, if the set-back pattern of other existing homes in the near vicinity is farther than twenty-five feet from the front property line.
We feel this construction of the statute is a proper one in view of the case of Rabalais v. Hillary Builders, Inc., 62 So.2d 846 (La.App.2d Cir., 1953).
The argument that the set-backs of all the houses along the entire length of Hill Street must be considered to determine the general pattern of set-backs along that street has no merit. A primary purpose for the provision requiring that new constructions conform to the general patterns of set-backs of houses on the given street, as it relates to the general welfare, is to provide the neighboring property owners with the full utility and livability of their own properties. Such a provision requires a degree of consistency of constructions in a given area. It also enables neighboring homeowners to receive sufficient sunlight and an unobstructed lateral view in the fronts of their homes.
We cannot say the trial court erred in requiring the defendant to construct his house in line with the set-backs of Mr. Adams and Dr. McGill. But rather than average the set-backs of the two adjacent houses (which figure is 39.1 feet), we feel *132 defendant need place his residence only as far back from the front property line as is the closest adjacent home. That is, since Mr. Adams' home is thirty-eight feet from the front property line, defendant's home must be set back that same distance, thirty-eight feet.
Likewise, there is no doubt that the construction of a pool house four inches from the side of `Mr. Adams' property violates the zoning provision stating that no building shall be built within five feet of the adjoining property line without the written consent of the neighboring owner.[1]
The same may be said of the driveway of the Brian residence which is sixteen inches from the property line of Dr. McGill, contrary to the provision requiring that no driveway be constructed nearer than three feet of the property line.[2]

II
Defendant-Appellant contends that plaintiff, Mr. Adams, is equitably estopped from seeking enforcement of the zoning ordinance because he led defendant to believe that he had no objection to the side-line violation. The facts of this case, however, do not warrant the application of the principle of equitable estoppel. In the first place, the text of the conversation between plaintiff and defendantwhich constitutes the basis for this estoppel pleais too vague and informal to warrant our invocation of this disfavored doctrine. In the second place, immediately following the conversation between plaintiff and defendant, plaintiff had his attorney write a formal letter to the City, protesting defendant's violation of the zoning ordinances and urging the City not to issue defendant a building permit until the building restrictions were fully complied with. This letter indicates that plaintiff desired to protect his rights and to seek the enforcement of the zoning ordinance, and it contradicts any intentions of plaintiff to release defendant from his obligation of abiding by the zoning ordinance. Further, the ordinance specifically requires that written consent be given by an adjoining landowner before any provision thereof may be waived. Plaintiff never gave any written consent to any of the construction of defendant residence which violated the zoning ordinance. For these reasons, we do not believe the doctrine of equitable estoppel can apply to preclude plaintiff from enforcing the zoning ordinance involved here.

III
Next, defendant urges plaintiffs are "estopped by laches from complaining that zoning set-back regulations are not being complied with" because the suit was not filed until October 4, 1967, whereas construction had begun on the residence following June 19, 1967. Defendant claims that through plaintiff's laches, he, defendant, has sustained considerable expense in pouring the foundation and beginning construction of the residence. In answer to this, all that need be said is that R.S. 9:5625 provides for a two-year prescriptive period for instituting an action to enforce a building restriction. The mere fact that defendant had begun construction before this suit was filed does not prejudice plaintiffs' right to seek an injunction. See Wright v. De Fatta, 129 So.2d 614 (La.App.2d Cir., 1961), and Boyd v. Donelon, 193 So.2d 291 (La.App.4th Cir., 1966).

*133 IV
Defendant attempted to prove the invalidity of the zoning ordinance in this case. Basically, defendant contends that in each session of the City Counsel and Zoning Commission, where portions of the zoning ordinance were considered or acted upon, there was failure to provide legal notices and/or the public hearings as required under the mandate of R.S. 33:4724 and 33:4726.
The trial court excluded this evidence because of the passage of Louisiana Acts, 1965, No. 100, which states in part as follows:
"To declare the adoption, enactment and promulgation of the code of ordinances of the city of Alexandria, Louisiana, valid and legally sufficient; ratifying and confirming same; and declaring this to be a curative act to operate retrospectively as well as prospectively."
The language of this act evidences an intent to remedy any of the procedural defects of the zoning ordinances previously passed by the City of Alexandria. In his brief, defendant has argued that Act 100 of 1965 is unconstitutional insofar as it seeks to legalize invalid acts of the municipality of Alexandria because of Article IV, Sec. 4, of the Louisiana Constitution. This attack upon the constitutionality of Act 100 of 1965 was not pleaded in defendant's answer (or amended answer), nor were the pleadings properly broadened by the evidence to allow such an argument now. Therefore, we will not consider this contention. This, coupled with the presumption that legislative acts and municipal ordinances are valid and legal, leads us to hold that the zoning ordinance in question here has not been proved to be illegal or invalid.

V
Defendant contends that the requirement in the zoning ordinance that new buildings be set back a distance commensurate with the pattern of set-backs in the vicinity is too vague to render such provision constitutional and further, that the enforcement of this provision deprives defendant of his property without due process of law.
We do not find a zoning ordinance void because of any vagueness. Section 28-3 is a very common type of provision found in many zoning ordinances and in many building restrictions. The mere fact that Section 28-3(b) may require a builder (or owner) to determine the set-backs of buildings in the vicinity where he intends to build in order to ascertain precisely what minimum set-back the new structure must have, does not per se render the ordinance vague. While the ordinance does not precisely set forth what the set-back shall be in every instance, it does present a verbal formula by which the actual set-back can be determined in any given case. Therefore, the ordinance is not vague in any manner that might render it unconstitutional.
Since we have found that the zoning ordinance in question is valid and effective and that the trial court's interpretation thereof is a proper one, defendant has suffered no loss of property without due process of law. Nor can we say that the provision involved here serves no public purpose and does not aid the general welfare of the City of Alexandria. See R.S. 33:4721, 33:4723. Nor is defendant unfairly discriminated against by the enforcement of this ordinance, since its provisions apply to all persons of the same class.

VI
The question of whether or not neighboring residents may enjoin a landowner from violating city zoning ordinances appears to be settled by the cases of Wright v. De Fatta, 129 So.2d 614 (La.App.2d Cir., 1961), and Rabalais v. Hillary Builders, Inc., 62 So.2d 846 (La.App.2d Cir., 1953).
The right to seek injunctive relief in the instant case is contingent upon plaintiffs' showing some sort of irreparable harm *134 as a result of this unlawful construction. C.C.P. Art. 3601.
There is adequate evidence in the instant case to show that plaintiffs may suffer irreparable injury if injunction is denied them. Expert appraisers for plaintiffs testified that the value of their property would be substantially diminished and that the enjoyment and livability of their properties would be prejudiced by the construction of defendant's residence as planned. Also, defendant's unlawful construction could cause "buyer resistence", should either plaintiff seek to sell his residence at a later time. It was also shown that there would be an increased fire hazard if the "pool house" were constructed as planned, four inches from the property line of Mr. Adams, and also that the construction of the driveway within sixteen inches of Dr. McGill's property could affect the drainage thereof.
The injuries listed above, which plaintiffs may suffer as a result of the defendant's unlawful construction, are irreparable in nature, and therefore plaintiffs could properly seek injunctive relief. Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1961). See also Wright v. De Fatta, supra.

VII
The final question for our determination is that presented in the case consolidated herewith whereby plaintiffs seek a writ of mandamus to require the City of Alexandria to rescind the permit it had issued to Dr. Brian and to have that construction which violated the zoning ordinance removed. Counsel for defendant in that case contends that since plaintiffs have obtained a preliminary injunction against Dr. Brian, the mandamus proceedings against it are improper because a writ of mandamus will only issue where a party has no other effective remedy at law. The fallacy of this argument lies in the assumption that the injunction imposed upon Dr. Brian is also effective against the City.
We feel the evidence establishes that the officials of the City of Alexandria acted arbitrarily and capriciously (as found by the trial court) in issuing the building permit after plaintiff had protested to the City, notifying it of violations of the zoning ordinance.
There is no action in law which plaintiff could utilize to cause the City to enforce its ordinances against defendant other than seeking a writ of mandamus.
Therefore, we feel the trial court was correct in ordering the City to rescind the building permit it had issued to defendant and in further ordering it to cause the building infractions to be removed.
For the foregoing reasons, the judgment of the trial court is amended so as to enjoin defendant-appellant from constructing any portion of his home (or fence) closer than thirty-eight feet from the front property line; and as amended, the judgment is affirmed at defendant-appellant's costs.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Section 28-3(b): "* * * No buildings or swimming pools shall be constructed closer to the side property line than five feet (5) unless written consent has been obtained from the adjacent property owners prior to such construction. * * *"
[2] Section 28-10(c): "No driveway in the `A' residence district of the `B' residence district shall be constructed closer to the side property line than three feet at any point along the entire said side property line, unless written consent has been obtained from the adjacent property owners prior to such construction. * * *"